# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA ZUNIGA RAMIREZ, also known as Joshua Ramirez, also known as Dboy,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-241
USDC No. 5:11-CR-785-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joshua Zuniga Ramirez, federal prisoner # 86965-280, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence of 180 months of imprisonment; the sentence was imposed following his guilty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea conviction of being a felon in possession of a firearm.  *See* 18 U.S.C. §§ 922(g), 924(e)(1).  We granted Ramirez a certificate of appealability.[1]

We review the denial of § 2255 relief de novo.  *United States v. Flores-Ochoa*, 139 F.3d 1022, 1023 (5th Cir. 1998).  Ramirez argues that his sentence, based on the application of § 924(e)(1) for having three prior convictions of violent felonies, is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the Supreme Court held to be retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The record indicates that Ramirez's prior conviction for possessing a deadly weapon in a penal institution was treated as a violent felony under the residual clause of § 924(e)(2)(B)(ii).  On the present record and in light of *Johnson*, Ramirez's sentence is unconstitutional and he is entitled to § 2255 relief.  *See* § 2255; *Welch*, 136 S. Ct. at 1268; *Johnson*, 135 S. Ct. at 2557-58, 2563.  Accordingly, we VACATE the district court's order and REMAND for further proceedings consistent with this opinion.  We express no opinion regarding the district court's ultimate sentencing decision.

The Government's motions for summary affirmance and for an extension of time in which to file a brief are DENIED, but further briefing is unnecessary. *See Welch*, 136 S. Ct. at 1265, 1268. This resolution renders all outstanding motions moot.

---

[1] We have jurisdiction to address only the issue specified in the grant of the certificate of appealability.  *See United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009).  To the extent that Ramirez raises other issues, we do not address them.  *See id*.